1  SEYFARTH SHAW LLP
   David D. Kadue (SBN 113578)
2  dkadue@seyfarth.com
   Colleen M. Regan (SBN 120284)
3  cregan@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   THE WELLPOINT COMPANIES, INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSUE TALAMANTEZ, an individual,        Case No.
    on behalf of himself and on behalf of all
12  persons similarly situated,,            CV12- 08058R-4H(JCx)

13              Plaintiff,                   **DEFENDANT THE WELLPOINT
                                             COMPANIES, INC.'S NOTICE OF
14         v.                                REMOVAL**

15  THE WELLPOINT COMPANIES, INC.,)
    a Indiana Corporation; and Does 1
16  through 50, Inclusive,,

17  Defendants.

18

19      **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

20  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS**

21  **ATTORNEYS OF RECORD:**

        PLEASE TAKE NOTICE that Defendant The WellPoint Companies, Inc.
22
    ("Defendant") hereby removes the above-referenced action from the Superior
23
    Court of the State of California for the County of Los Angeles to the United States
24
    District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331
25
    and 1441 (federal question jurisdiction) and 28 U.S.C. Section 1332(d)(2)
26
    (diversity jurisdiction).
27

28

    Notice of Removal
    14818326v.4



FILED
CLERK U.S. DISTRICT COURT

SEP 1 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**PARTIES AND CLAIMS**

1.     Plaintiff Josue Talamantez ("Plaintiff") alleges that he worked for Defendant in a non-exempt hourly position within the last four years.  He purports to bring a class action on behalf of a putative class which he defines as follows: "all individuals who are or previously were employed by Defendant The WellPoint Companies, Inc. in California as non-exempt employees who received bonus compensation payments during the same pay period in which they were paid overtime compensation (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of the Complaint ."  He also purports to bring a class action on behalf of a putative sub-class which he defines as follows:  "all members of the CALIFORNIA CLASS who received bonus compensation payments during the same pay period in which they worked overtime hours . . . at any time during the period three (3) years prior to the filing of the complaint ."

2.     Plaintiff alleges five causes of action in the Complaint:  (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, *et seq.*; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203; and (5) Failure to Pay Overtime Compensation in Violation of 29 U.S.C. §§ 201, *et seq*.

**PROCEDURAL HISTORY**

3.     The Complaint in this action was filed on August 3, 2012 in the Superior Court of the State of California for the County of Los Angeles and was assigned Case No. BC489001.  A true and correct copy of the Summons and Complaint are attached hereto as Exhibit A.  The Summons and Complaint was served on Defendant on August 20, 2012, along with additional court documents

Notice of Removal
14818326v.4

1   attached as Exhibit B.  Plaintiff served a Minute Order and Initial Status

2   Conference Order (Complex Litigation Program) dated August 24, 2012, attached

3   as Exhibit C, on Defendant on September 7, 2012.   The Summons, Complaint,

4   Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of

5   Location, Notice of Case Assignment - Class Action Cases, ADR Information

6   Package, Stipulation forms, Minute Order and Initial Status Conference Order

7   (Complex Litigation Program) constitute all the pleadings and orders served on

8   Defendant in this action as of this date.

## FEDERAL QUESTION JURISDICTION BASED ON THE FAIR LABOR STANDARDS ACT

11      4.    This action is one over which this Court has original jurisdiction

12   under 28 U.S.C. Section 1331, and may be removed by Defendant pursuant to 28

13   U.S.C. Section 1441 in that it is a civil action over which the district courts have

14   original jurisdiction founded on claims arising under the laws of the United States.

15      5.    Federal question jurisdiction arises out of the fact that the Fifth Cause

16   of Action within the Complaint alleges a violation of the Fair Labor Standards Act

17   29 U.S.C. §§ 201, *et. seq*.  More specifically, Plaintiff alleges that Defendant failed

18   to pay weekly overtime to its non-exempt employees at the rate required under the

19   FLSA.

20      6.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental

21   jurisdiction over Plaintiff's remaining causes of action because they are

22   substantially related to the Fifth Cause of Action.  The other causes of action arise

23   from the same nucleus of operative facts as the Fifth Cause of Action such that

24   they should all should be tried in one action.  *See Nishimoto v. Federman-*

25   *Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).  Considerations of

26   convenience, judicial economy and fairness to the litigants strongly favor this

1  Court exercising jurisdiction over all claims in the Complaint. *United Mine*
2  *Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

## DIVERSITY JURISDICTION BASED ON
## THE CLASS ACTION FAIRNESS ACT

5      7.      The Court has original jurisdiction of this action under the Class
6  Action Fairness Act of 2005, codified in relevant part in 28 U.S.C. Section
7  1332(d)(2) ("CAFA").  As set forth below, this action is removable pursuant to the
8  provisions of 28 U.S.C. Section 1441(a), as the amount in controversy is in excess
9  of Five Million Dollars ($5,000,000.00), exclusive of interest and costs, and is a
10 class action in which at least one class member is a citizen of a state different from
11 that of the Defendant.

### Diverse Citizenship of the Parties

### Plaintiff is a California Citizen

14     8.      Defendant is informed and believes, and on that basis alleges, that
15 Plaintiff is, and at all relevant times herein was, a resident of the State of
16 California.  For diversity purposes, a person is a "citizen" of the state in which he
17 is domiciled. *Kantor  v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.
18 1983).  Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins.*
19 *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

### WellPoint is Not a California Citizen

21     9.      Pursuant to 28 U.S.C. Section 1332(c), a "corporation shall be deemed
22 to be a citizen of any State by which it has been incorporated and of the State
23 where it has its principal place of business."  Defendant is now, and ever since this
24 action commenced has been, incorporated under the laws of the State of Indiana.
25 Defendant is a citizen of the State of Indiana, where its corporate headquarters are
26 located.

27
28

4

Notice of Removal
14818326v.4

10.     The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Under the "nerve center" test, a corporation's principal place of business is the place where its "officers direct, control and coordinate the corporation's activities." *Id.* at 1192.   A corporation typically directs, controls and coordinates its activities from its headquarters. *Id.*

11.     Under the "nerve center" test, WellPoint's principal place of business is Indiana.  The majority of WellPoint's executive and administrative functions are performed in Indiana, where its corporate headquarters is located.  Defendant's Chief Executive Officer maintains her office in Indiana.  In addition, most of WellPoint's executive officers have their offices in Indiana.

12.     As a result, WellPoint is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

**Doe Defendants**

13.     Pursuant to 28 U.S.C. Sect ion 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

**<u>Amount In Controversy</u>**

14.     The alleged amount in controversy in this class action exceeds, in the aggregate, five million dollars ($5,000,000).  The Complaint seeks payment of alleged lost wages, penalties, statutory damages, attorneys fees, restitution and disgorgement.

Notice of Removal
14818326v.4

15.     The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . .. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

16.     When the amount in controversy is not calculable from the face of the Complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional minimum. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  As set forth below, the amount in controversy alleged in the class-wide claims exceeds five million dollars ($5,000,000).  All calculations supporting the amount in controversy are based on the Complaint allegations, assuming, without any admission, all facts plead by Plaintiff to be true.

### The Amount In Controversy For Alleged Labor Code § 203 Penalties Exceeds $4.3 Million

17.     Plaintiff alleges that "[t]o the extent overtime compensation is determined to be owed to the [class members] who have terminated their

6

employment, Defendant's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also entitled to waiting time penalties under Cal. Lab. Code § 203" (Complaint ¶68).  Plaintiff, on behalf of himself and the putative class members, "demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the [class period]" (Complaint ¶80).  In his Prayer, Plaintiff requests "[t]he wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203" (Complaint Prayer ¶2C).  Therefore, per the allegations in the Complaint, Plaintiff seeks 30 days' wages for each employee whose employment terminated more than thirty days ago for the "California Labor Sub-Class."

18.    There is a three year statute of limitations for claims seeking waiting time penalties for unpaid wages under Labor Code Section 203. *See* Cal. Lab. Code § 203 and Civ. Proc. Code § 338(a).

19.    Defendant calculated the potential 203 penalties for the three year statutory period prior to the filing of the Complaint.  Defendant calculated the potential section 203 penalties in controversy by using the average daily wage for all the terminated class members multiplied by 30 days.  The amount in controversy for section 203 penalties for the three year statutory period is $4,354,080 (at least 772 terminated employees times $188 average daily wage times 30 days = $4,354,080).

### The Amount In Controversy For Alleged Failure to Provide Accurate Itemized Employee Wage Statements Exceeds an Additional $1 Million

20.    The Complaint alleges that Defendant "violated Cal. Lab. Code § 226 in that Defendant failed to provide an accurate wage statement in writing that properly and accurately itemized the effective overtime rates of pay for overtime

Notice of Removal
14818326v.4

1    hours worked by Plaintiff and the California Labor Sub-Class and thereby also

2    failed to set forth the correct overtime wages earned by the employees."

3    (Complaint ¶71).  The Complaint further alleges that Defendant "knowingly and

4    intentionally failed to comply with Cal. Lab. Code § 226, causing injury and

5    damages to the Plaintiff and the other members of the California Labor Sub-Class."

6    (Complaint ¶72).  Under Labor Code §226(e), an employee is entitled to recover

7    the greater of actual damages or $50 for the initial pay period in which a wage

8    statement violation occurs, and $100 for each subsequent pay period, not to exceed

9    an aggregate penalty of $4,000.  (Complaint ¶ 72, Complaint Prayer ¶ 2(D)).

10       21.    Once a quarter, Defendant's non-exempt employees who qualify are

11   paid a bonus.  Taking the quarterly payments into account, a penalty less than the

12   $4,000 maximum would apply through the date of removal because class members,

13   on average, received a bonus in each of six quarters during the three year class

14   period that Plaintiff alleges for his Section 226 claim.  Per the calculations set forth

15   in Labor Code § 226(e), the amount in controversy for the six pay periods at issue

16   prior to removal is $1,055,450 (at least 1,919 employees per pay period times six

17   pay periods times $50 for initial violation and $100 for subsequent violations =

18   $1,055,450).

**The Amount In Controversy For Alleged Failure to Pay**
**Proper Overtime Compensation Exceeds an Additional $350,000**

22.    The Complaint alleges that when Defendant calculated the regular rate

of pay in order to pay overtime to Plaintiff and the class members, "WellPoint

failed and still fails to include the bonus compensation as part of the employee's

'regular rate of pay' for purposes of calculating overtime pay."  (Complaint ¶ 6).

As a result, Plaintiff alleges that "the failure to do so has resulted in a systematic

underpayment of overtime compensation" to Plaintiff and the class members.

(Complaint ¶ 6).  Plaintiff further alleges that "Defendant maintained a uniform

wage practice of paying the Plaintiff and the other members of the California

8

1  Labor Sub-Class without regard to the correct applicable overtime rate for the

2  number of overtime hours they worked." (Complaint ¶ 58). Plaintiff requests

3  recovery of all unpaid overtime wages. (Complaint ¶ 68).

4       23.    By virtue of the foregoing allegations, the amount in controversy for

5  alleged overtime compensation owed is at least $354,970 (at least 1,919 class

6  members times six quarters times 33.15 (average overtime hours worked per

7  quarter) times $1.86 (the regular rate of pay of average quarterly bonus) times 0.5

8  = $354,970).

9  **Potential Attorneys Fees Exceed an Additional $1.4 Million**

10       24.    The Complaint also seeks such further relief as the Court deems just

11  and equitable (Complaint Prayer  ¶4(B)), which would include attorneys fees

12  eligible for recovery under Labor Code §§ 226, 1194 and 203. Requests for

13  attorneys fees must be taken into account in ascertaining the amount in

14  controversy. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir.

15  1998) (claims for statutory attorney's fees to be included in amount in controversy,

16  regardless of whether award is discretionary or mandatory). Moreover, the

17  potential for an award of mandatory attorneys fees is included in the amount in

18  controversy analysis for the purposes of removal under CAFA. *Lowdermilk v. U.S.*

19  *Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Attorneys fees may be

20  awarded based on the lodestar method (calculated by applying counsel's hourly

21  rates to the time spent and a risk multiplier where appropriate). *Staton v. Boeing*

22  *Co.,* 327 F. 3d 938, 968 (9th Cir. 2003). Alternatively, the court may simply award

23  counsel a percentage of the fund recovered. *Hanlon v. Chrysler Corp.,* 150 F. 3d

24  1011, 1029 (9th Cir. 1998). The Ninth Circuit has established a benchmark of 25

25  percent of the recovery, which may be adjusted or replaced by a lodestar

26  calculation "when specific circumstances indicate that the percentage recovery

27  would be either too small or too large in light of the hours devoted to the case or

28

9

1    other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904

2    F. 2d 1301, 1311 (9th Cir. 1990).  Given the allegations contained on the face of

3    the Complaint, an award of attorneys fees equal to 25 percent of the total alleged

4    damages, $5,764,500, would equal $1,441,125.

5              **Total Potential Damages, Plus Attorneys Fees, Exceeds $5 Million**

6              25.    As shown above, potential damages under Labor Code §203

7    ($4,354,080), §226(a) ($1,055,450) and unpaid overtime wages ($354,970) equals

8    $5,764,500.  Including potential attorneys fees ($1,411,125), the amount in

9    controversy equals $7,205,625.  Plaintiff also seeks additional interest and costs.

10   Consequently, it is clear that the amount in controversy in this class action, as

11   pleaded by Plaintiff, far exceeds $5,000,000.

12             26.    Because diversity of citizenship exists—the Plaintiff, being a citizen

13   of the State of California, and the Defendant, being a citizen of the State of

14   Indiana—and because the amount in controversy exceeds Five Million Dollars

15   ($5,000,000), this Court has original jurisdiction of the action pursuant to 28

16   U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to this

17   Court.

18                                      **VENUE**

19             27.    Venue lies in the United States District Court for the Central District

20   of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because the original

21   state court action was filed in this district and this is the judicial district in which

22   the action arose.  This action originally was brought in the Superior Court of the

23   State of California, County of Los Angeles.

24                          **TIMELINESS OF REMOVAL**

25             28.    This Notice of Removal of Civil Action is filed within thirty days

26   after receipt by Defendant of a copy of a pleading, motion, order, or other paper

27   from which it may first be ascertained that the case is one which is or has become

28

Notice of Removal
14818326v.4

1   removable. More specifically, this removal is filed within 30 days of service of the

2   Complaint on Defendant.

3

4         WHEREFORE, Defendant prays that the above action pending before the

5   Superior Court of the State of California for the County of Los Angeles be

6   removed to this Court.

7

8   DATED: September 18, 2012             Respectfully submitted,

9                                   SEYFARTH SHAW LLP

10

11                               By: _____

12                               David D. Kadue
                                    Attorneys for Defendant

13                               THE WELLPOINT COMPANIES,
                                    INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal
14818326v.4

# EXHIBIT A

8-20-12
10:05

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE WELLPOINT COMPANIES, INC., a Indiana Corporation; and
Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSUE TALAMANTEZ, an individual, on behalf of himself and on
behalf of all persons similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| CONFORMED COPY |
| ORIGINAL FILED |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF LOS ANGELES |
| AUG 03 2012 |
| John A. Clark, Executive Officer/Clerk |
| By_____, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | BC 489001 |
| Central District, Stanley Mosk | |
| 111 N. Hill St., Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal   (Bar # 68687)                                    Fax No. (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037   Phone (858) 551-1223

| DATE: | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*:   THE WELLPOINT COMPANIES, INC. a Indiana Corporation

   under:  [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | *LexisNexis® Automated California Judicial Council Forms* |

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 0 3 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
   GMEL Snider

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSUE TALAMANTEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>THE WELLPOINT COMPANIES, INC., a Indiana Corporation; and Does 1 through 50, Inclusive,<br><br>          Defendants. | Case No. BC 489001<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and<br><br>5. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

1        Plaintiff Josue Talamantez ("PLAINTIFF"), an individual, on behalf of himself and all

2   other similarly situated current and former employees, alleges on information and belief, except

3   for his own acts and knowledge which are based on personal knowledge, the following:

4                      **THE PARTIES**

5       1.     Defendant The Wellpoint Companies, Inc.("WELLPOINT" or "DEFENDANT"),

6   is a Indiana Corporation with its principal place of business located in Indianapolis, Indiana.

7   At all relevant times mentioned herein, WELLPOINT conducted and continues to conduct

8   substantial business in the state of California.

9       2.     WELLPOINT is one of the nation's largest health benefits companies, with nearly

10   34 million members in its affiliated health plans and more than 62 million individuals served

11   through its subsidiaries.  Headquartered in Indianapolis, Indiana, WELLPOINT is an

12   independent licensee of the Blue Cross and Blue Shield Association serving members in

13   California, Colorado, Connecticut, Georgia, Indiana, Kentucky, Maine, Missouri, Nevada, New

14   Hampshire, New York, Ohio, Virginia and Wisconsin. WELLPOINT reported revenues of

15   $60 billion in 2011 and currently employs over 37,000 employees.

16       3.     Plaintiff Josue Talamantez was employed by WELLPOINT in California from

17   June of 2003 to June of 2012 and was at all times relevant mentioned herein classified by

18   WELLPOINT as a non-exempt employee paid in whole or in part on an hourly basis and

19   received additional compensation from WELLPOINT in the form of a non-discretionary bonus.

20       4.     PLAINTIFF brings this Class Action on behalf of himself and a California class,

21   defined as all individuals who are or previously were employed by Defendant The Wellpoint

22   Companies, Inc. in California as non-exempt employees who received bonus compensation

23   payments during the same pay period in which they were paid overtime compensation (the

24   "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the

25   filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA

26   CLASS PERIOD").

27       5.     State law provides that employees must be paid overtime at one-and-one-half

28   times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were

1   compensated at an hourly rate plus bonus pay that was tied to specific elements of an

2   employee's performance.

3         6.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

4   Members' compensation was WELLPOINT's non-discretionary bonus program that paid the

5   PLAINTIFF and other CALIFORNIA CLASS Members bonus wages based on their

6   performance for WELLPOINT. The non-discretionary bonus program provided all employees

7   paid on an hourly basis with bonus compensation when the employees met the various

8   performance goals set by WELLPOINT. However, when calculating the regular rate of pay in

9   order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,

10  WELLPOINT failed and still fails to include the bonus compensation as part of the employees'

11  "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors

12  described the bonus program to potential and new employees as part of the compensation

13  package. As a matter of law, the bonus compensation received by the PLAINTIFF and other

14  CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to

15  do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and

16  other CALIFORNIA CLASS Members by WELLPOINT.

17        7.    As a result of this miscalculation the wage statements issued to PLAINTIFF and

18  other CALIFORNIA CLASS Members violate California law, and in particular, Labor Code

19  Section 226(a). The policies and practices alleged herein also constitute deceptive, unfair

20  and/or unlawful business practices whereby WELLPOINT retained wages due PLAINTIFF and

21  other CALIFORNIA CLASS Members for all hours worked. The PLAINTIFF seeks an

22  injunction enjoining such conduct by WELLPOINT in the future, relief for the named

23  PLAINTIFF and other CALIFORNIA CLASS Members as set forth herein below, and all other

24  appropriate equitable relief the court deems proper.

25        8.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

26  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

27  the CALIFORNIA CLASS PERIOD caused by WELLPOINT's uniform policy and practice

28  which failed to lawfully compensate these employees for all their overtime hours worked.

1   WELLPOINT's uniform policy and practice alleged herein was an unlawful, unfair and
2   deceptive business practice whereby WELLPOINT retained and continues to retain wages due
3   PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other
4   members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
5   WELLPOINT in the future, relief for the named PLAINTIFF and the other members of the
6   CALIFORNIA CLASS who have been economically injured by WELLPOINT's past and
7   current unlawful conduct, and all other appropriate legal and equitable relief.

8       9.      WELLPOINT had different shifts with different non-exempt employees paid on
9   an hourly basis working during each shift. Although the specific time of each shift differed, the
10  hours spent working during the shifts were nearly identical in every way. Thus, PLAINTIFF's
11  and other CALIFORNIA CLASS Members' typical workweek required them to perform work
12  in excess of eight (8) hours in a workday and forty (40) hours in a workweek. PLAINTIFF and
13  other members of the CALIFORNIA CLASS worked overtime hours in the same pay period in
14  which they received non-discretionary bonus compensation.

15      10.     The true names and capacities, whether individual, corporate, subsidiary,
16  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
17  unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names
18  pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to amend this
19  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they
20  are ascertained. PLAINTIFF is informed and believes, and based upon that information and
21  belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50,
22  inclusive, are responsible in some manner for one or more of the events and happenings that
23  proximately caused the injuries and damages hereinafter alleged.

24      11.     The agents, servants and/or employees of the Defendants and each of them
25  acting on behalf of the Defendants acted within the course and scope of his, her or its authority
26  as the agent, servant and/or employee of the Defendants, and personally participated in the
27  conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
28  Consequently, the acts of each Defendant are legally attributable to the other Defendants and

4

1   all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

2   CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

3   Defendants' agents, servants and/or employees.

4                                   **THE CONDUCT**

5          12.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

6   to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

7   CLASS for their overtime hours worked.  DEFENDANT systematically, unlawfully and

8   unilaterally failed to accurately calculate wages for overtime hours worked by the PLAINTIFF

9   and other members of the CALIFORNIA CLASS in order to avoid paying these employees the

10  correct overtime compensation.  As a result, the PLAINTIFF and the other members of the

11  CALIFORNIA CLASS forfeited wages due them for regularly working overtime without

12  compensation at the correct overtime rates. DEFENDANT's uniform policy and practice to not

13  pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime hours

14  worked in accordance with applicable law is evidenced by DEFENDANT's business records.

15         13.     In violation of the applicable sections of the California Labor Code and the

16  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

17  a matter of company policy, practice and procedure, intentionally, knowingly and systematically

18  failed to compensate the PLAINTIFF and the other members of the CALIFORNIA CLASS at

19  the correct rate of pay for all overtime hours worked.  This uniform policy and practice of

20  DEFENDANT was intended to purposefully avoid the payment of the correct overtime

21  compensation as required by California law which allowed DEFENDANT to illegally profit and

22  gain an unfair advantage over competitors who complied with the law.  To the extent equitable

23  tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

24  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

25         14.     DEFENDANT also failed to provide the PLAINTIFF and the other members of

26  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show,

27  among other things, the correct overtime rate for overtime hours worked, including, work

28  performed in excess of eight (8) hours in a workday and forty (40) hours in any workweek. Cal.

Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. As a result, DEFENDANT provided the PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15. By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the overtime rate for the overtime hours worked by the PLAINTIFF and other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

16. Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components. One component of PLAINTIFF's compensation was a base hourly wage at the rate of $20.55. The second component of the PLAINTIFF's compensation was a non-discretionary performance bonus. DEFENDANT paid the bonus, so long as the PLAINTIFF met certain predefined performance requirements. PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the performance bonus wage. During these pay periods in which PLAINTIFF was paid the non-discretionary performance bonus by DEFENDANT, PLAINTIFF also worked overtime hours for DEFENDANT, but DEFENDANT never included the bonus compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's

6

1    accurate overtime rate and thereby underpaid the PLAINTIFF for overtime hours worked

2    throughout his employment with DEFENDANT.   The bonus compensation paid by

3    DEFENDANT constituted wages within the meaning of the California Labor Code and thereby

4    should have been part of PLAINTIFF's "regular rate of pay." DEFENDANT also provided

5    PLAINTIFF with a paystub that failed to accurately display PLAINTIFF's correct rates of

6    overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a).   To date,

7    DEFENDANT has not fully paid the PLAINTIFF for all his overtime wages still owed to him

8    or any penalty wages owed to him under California Labor Code § 203.

## JURISDICTION AND VENUE

17.   This Court has jurisdiction over this Action pursuant to California Code of
Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.
This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated
employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

18.   Venue is proper in this Court pursuant to California Code of Civil Procedure,
Sections 395 and 395.5, because the DEFENDANT (i) currently maintains and at all relevant
times maintained offices and facilities in this County and/or conducts substantial business in this
County, and (ii) committed the wrongful conduct herein alleged in this County against members
of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

19.   PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and
Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL")
as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class,
defined as all individuals who are or previously were employed by DEFENDANT in California
as non-exempt employees who received bonus compensation payments during the same pay
period in which they were paid overtime compensation (the "CALIFORNIA CLASS") at any
time during the period beginning four (4) years prior to the filing of this Complaint and ending
on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

20.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

21.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

22.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime hours worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

23.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime hours worked and to accurately calculate the "regular rate of pay" by including the bonus compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT. The

8

1   DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

2   have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

3   or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

4   overtime rate for all overtime hours worked, so as to satisfy their burden.  This common

5   business practice applicable to each and every CALIFORNIA CLASS Member can be

6   adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business &

7   Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not

8   elements of this claim.

9        24.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

10  any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

11  employee for all overtime hours worked at the applicable rate, as required by California Labor

12  Code §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the

13  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so

14  as to include all earnings in the overtime compensation calculation as required by California

15  Labor Code §§ 510, *et seq.*

16       25.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

17  CLASS Members is impracticable.

18       26.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

19  California law by:

20              (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

21                     §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

22                     place company policies, practices and procedures that failed to pay all

23                     wages due the CALIFORNIA CLASS for all overtime hours worked, and

24                     fail to accurately record the applicable rates of all overtime hours worked

25                     by the CALIFORNIA CLASS;

26              (b)    Committing an act of unfair competition in violation of the California

27                     Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

28                     unlawfully, unfairly, and/or deceptively having in place a company policy,

9

1  practice and procedure that failed to correctly calculate overtime

2  compensation due to PLAINTIFF and the members of the CALIFORNIA

3  CLASS;

4  (c)  Committing an act of unfair competition in violation of the California

5  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

6  unlawfully, unfairly, and/or deceptively failing to pay the correct overtime

7  pay owed to PLAINTIFF and the members of the CALIFORNIA CLASS

8  for overtime hours worked;

9  (d)  Committing an act of unfair competition in violation of the California

10  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

11  violating Cal. Lab. Code § 201 and 202, by failing to provide timely

12  payment of all wages owed to the PLAINTIFF and members of the

13  CALIFORNIA CLASS who failed to receive the correct overtime wages

14  for hours worked and who have terminated their employment; and,

15  (e)  Committing an act of unfair competition in violation of the California

16  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

17  violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

18  *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and

19  the members of the CALIFORNIA CLASS as legally required by the

20  FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

21  27.  This Class Action meets the statutory prerequisites for the maintenance of a

22  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

23  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

24  that the joinder of all such persons is impracticable and the disposition of

25  their claims as a class will benefit the parties and the Court;

26  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

27  that are raised in this Complaint are common to the CALIFORNIA

28  CLASS will apply uniformly to every member of the CALIFORNIA

10

1   CLASS;

2       (c)   The claims of the representative PLAINTIFF are typical of the claims of

3   each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

4   other members of the CALIFORNIA CLASS, was a non-exempt

5   employee paid on an hourly basis and paid an additional non-discretionary

6   performance bonus wage who was subjected to the DEFENDANT's

7   practice and policy which failed to pay the correct rate of overtime wages

8   due to the CALIFORNIA CLASS for all overtime hours worked by the

9   CALIFORNIA CLASS and thereby systematically underpaid overtime

10   compensation to the CALIFORNIA CLASS. PLAINTIFF sustained

11   economic injury as a result of DEFENDANT's employment practices.

12   PLAINTIFF and the members of the CALIFORNIA CLASS were and are

13   similarly or identically harmed by the same unlawful, deceptive, unfair

14   and pervasive pattern of misconduct engaged in by DEFENDANT; and,

15       (d)   The representative PLAINTIFF will fairly and adequately represent and

16   protect the interest of the CALIFORNIA CLASS, and has retained

17   counsel who are competent and experienced in Class Action litigation.

18   There are no material conflicts between the claims of the representative

19   PLAINTIFF and the members of the CALIFORNIA CLASS that would

20   make class certification inappropriate. Counsel for the CALIFORNIA

21   CLASS will vigorously assert the claims of all CALIFORNIA CLASS

22   Members.

23       28.   In addition to meeting the statutory prerequisites to a Class Action, this action

24   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

25       (a)   Without class certification and determination of declaratory, injunctive,

26   statutory and other legal questions within the class format, prosecution of

27   separate actions by individual members of the CALIFORNIA CLASS will

28   create the risk of:

<div align="center">11</div>

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all hours worked by the members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient

12

CLASS ACTION COMPLAINT

1                 adjudication of the controversy, including consideration of:

2           1)     The interests of the members of the CALIFORNIA CLASS in

3                    individually controlling the prosecution or defense of separate

4                    actions in that the substantial expense of individual actions will be

5                    avoided to recover the relatively small amount of economic losses

6                    sustained by the individual CALIFORNIA CLASS Members when

7                    compared to the substantial expense and burden of individual

8                    prosecution of this litigation;

9           2)     Class certification will obviate the need for unduly duplicative

10                   litigation that would create the risk of:

11                A.     Inconsistent or varying adjudications with respect to

12                       individual members of the CALIFORNIA CLASS, which

13                       would establish incompatible standards of conduct for the

14                       DEFENDANT; and/or,

15                B.     Adjudications with respect to individual members of the

16                       CALIFORNIA CLASS would as a practical matter be

17                       dispositive of the interests of the other members not parties

18                       to the adjudication or substantially impair or impede their

19                       ability to protect their interests;

20           3)     In the context of wage litigation because a substantial number of

21                   individual CALIFORNIA CLASS Members will avoid asserting

22                   their legal rights out of fear of retaliation by DEFENDANT, which

23                   may adversely affect an individual's job with DEFENDANT or

24                   with a subsequent employer, the Class Action is the only means to

25                   assert their claims through a representative; and,

26           4)     A class action is superior to other available methods for the fair

27                   and efficient adjudication of this litigation because class treatment

28                   will obviate the need for unduly and unnecessary duplicative

1    litigation that is likely to result in the absence of certification of

2    this action pursuant to Cal. Code of Civ. Proc. § 382.

3    29.    This Court should permit this action to be maintained as a Class Action

4    pursuant to Cal. Code of Civ. Proc. § 382 because:

5    (a)    The questions of law and fact common to the CALIFORNIA CLASS

6    predominate over any question affecting only individual CALIFORNIA

7    CLASS Members because the DEFENDANT's employment practices are

8    uniform and systematically applied with respect to the CALIFORNIA

9    CLASS;

10   (b)    A Class Action is superior to any other available method for the fair and

11   efficient adjudication of the claims of the members of the CALIFORNIA

12   CLASS because in the context of employment litigation a substantial

13   number of individual CALIFORNIA CLASS Members will avoid

14   asserting their rights individually out of fear of retaliation or adverse

15   impact on their employment;

16   (c)    The members of the CALIFORNIA CLASS are so numerous that it is

17   impractical to bring all members of the CALIFORNIA CLASS before the

18   Court;

19   (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

20   able to obtain effective and economic legal redress unless the action is

21   maintained as a Class Action;

22   (e)    There is a community of interest in obtaining appropriate legal and

23   equitable relief for the acts of unfair competition, statutory violations and

24   other improprieties, and in obtaining adequate compensation for the

25   damages and injuries which DEFENDANT's actions have inflicted upon

26   the CALIFORNIA CLASS;

27   (f)    There is a community of interest in ensuring that the combined assets of

28

14

CLASS ACTION COMPLAINT

1               DEFENDANT are sufficient to adequately compensate the members of

2               the CALIFORNIA CLASS for the injuries sustained;

3      (g)     DEFENDANT has acted or refused to act on grounds generally applicable

4               to the CALIFORNIA CLASS, thereby making final class-wide relief

5               appropriate with respect to the CALIFORNIA CLASS as a whole;

6      (h)     The members of the CALIFORNIA CLASS are readily ascertainable from

7               the business records of DEFENDANT.  The CALIFORNIA CLASS

8               consists of all individuals who are or previously were employed by

9               DEFENDANT in California as non-exempt employees paid on an hourly

10             basis and who received bonus compensation during the same pay period

11             in which they worked overtime hours during the CALIFORNIA CLASS

12             PERIOD; and,

13      (i)      Class treatment provides manageable judicial treatment calculated to bring

14               a efficient and rapid conclusion to all litigation of all wage and hour

15               related claims arising out of the conduct of DEFENDANT as to the

16               members of the CALIFORNIA CLASS.

17      30.     DEFENDANT maintains records from which the Court can ascertain and

18 identify by job title each of DEFENDANT's employees who as have been systematically,

19 intentionally and uniformly subjected to DEFENDANT's company policy, practices and

20 procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include

21 any additional job titles of similarly situated employees when they have been identified.

22               **THE CALIFORNIA LABOR SUB-CLASS**

23      31.     PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on

24 behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who

25 received bonus compensation payments during the same pay period in which they worked

26 overtime hours (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period

27 three (3) years prior to the filing of the complaint and ending on the date as determined by the

28 Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ.

1  Proc. § 382.

2      32.    DEFENDANT, as a matter of company policy, practice and procedure, and

3  in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

4  requirements, and the applicable provisions of California law, intentionally, knowingly, and

5  wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime

6  compensation for the overtime hours worked by the PLAINTIFF and the other members of the

7  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

8  work, required employees to perform this work and permitted or suffered to permit this

9  overtime work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

10  CLASS Members overtime wages at the correct amount to which these employees are entitled

11  in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

12  operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

13  CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

14      33.    DEFENDANT maintains records from which the Court can ascertain and

15  identify by name and job title, each of DEFENDANT's employees who have been

16  systematically, intentionally and uniformly subjected to DEFENDANT's company policy,

17  practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint

18  to include any additional job titles of similarly situated employees when they have been

19  identified.

20      34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

21  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

22      35.    Common questions of law and fact exist as to members of the CALIFORNIA

23  LABOR SUB-CLASS, including, but not limited, to the following:

24           (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

25                  overtime compensation to members of the CALIFORNIA LABOR SUB-

26                  CLASS in violation of the California Labor Code and California

27                  regulations and the applicable California Wage Order;

28           (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

16

1    entitled to overtime compensation for overtime hours worked under the

2    overtime pay requirements of California law;

3    (c)    Whether DEFENDANT failed to accurately record the applicable

4         overtime rates for all overtime hours worked by the PLAINTIFF and the

5         other members of the CALIFORNIA LABOR SUB-CLASS;

6    (d)    Whether DEFENDANT failed to provide the PLAINTIFF and the other

7         members of the CALIFORNIA LABOR SUB-CLASS with accurate

8         itemized wage statements;

9    (e)    Whether DEFENDANT's policy and practice of failing to pay members

10        of the CALIFORNIA LABOR SUB-CLASS all wages when due within

11        the time required by law after their employment ended violates California

12        law;

13    (f)    Whether DEFENDANT has engaged in unfair competition by the

14        above-listed conduct;

15    (g)    The proper measure of damages and penalties owed to the members of the

16        CALIFORNIA LABOR SUB-CLASS; and,

17    (h)    Whether DEFENDANT's conduct was willful.

18    36.    DEFENDANT, as a matter of company policy, practice and procedure,

19 failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-

20 CLASS Members and failed to provide accurate records of the applicable overtime rates for the

21 overtime hours worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS

22 Members, including the PLAINTIFF, were non-exempt employees who were paid on an hourly

23 basis, were paid for overtime hours worked, and were paid additional non-discretionary

24 performance bonus wages by DEFENDANT according to uniform and systematic company

25 procedures as alleged herein above. This business practice is uniformly applied to each and

26 every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this

27 conduct can be adjudicated on a class-wide basis.

28    37.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

17

under California law by:

  (a) Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

  (b) Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding number of hours worked at each overtime rate by the employee; and,

  (c) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

38. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

  (a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

  (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

  (c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,

18

1    like all the other members of the CALIFORNIA LABOR SUB-CLASS,
2    was a non-exempt employee paid on an hourly basis and paid an
3    additional non-discretionary performance bonus wage who was subjected
4    to the DEFENDANT's practice and policy which failed to pay the correct
5    rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS
6    for all overtime hours worked. PLAINTIFF sustained economic injury as
7    a result of DEFENDANT's employment practices. PLAINTIFF and the
8    members of the CALIFORNIA LABOR SUB-CLASS were and are
9    similarly or identically harmed by the same unlawful, deceptive, unfair
10   and pervasive pattern of misconduct engaged in by DEFENDANT; and,

11   (d)   The representative PLAINTIFF will fairly and adequately represent and
12         protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
13         retained counsel who are competent and experienced in Class Action
14         litigation. There are no material conflicts between the claims of the
15         representative PLAINTIFF and the members of the CALIFORNIA
16         LABOR SUB-CLASS that would make class certification inappropriate.
17         Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
18         assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

19   39.   In addition to meeting the statutory prerequisites to a Class Action, this action
20   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

21   (a)   Without class certification and determination of declaratory, injunctive,
22         statutory and other legal questions within the class format, prosecution of
23         separate actions by individual members of the CALIFORNIA LABOR
24         SUB-CLASS will create the risk of:

25   1)   Inconsistent or varying adjudications with respect to individual
26        members of the CALIFORNIA LABOR SUB-CLASS which
27        would establish incompatible standards of conduct for the parties
28        opposing the CALIFORNIA LABOR SUB-CLASS; or,

19

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime hours worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

20

CLASS ACTION COMPLAINT

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

40.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

21

LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)  PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who were paid by the DEFENDANT for overtime hours worked during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)  Class treatment provides manageable judicial treatment calculated to bring

22

1    a efficient and rapid conclusion to all litigation of all wage and hour

2    related claims arising out of the conduct of DEFENDANT as to the

3    members of the CALIFORNIA LABOR SUB-CLASS.

5                         **FIRST CAUSE OF ACTION**

6                         **For Unlawful Business Practices**

7              **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

8    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

9         41.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

10   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 40 of this

11   Complaint.

12        42.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

13   Code § 17021. ·

14        43.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

15   unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

16   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

17   competition as follows:

18            Any person who engages, has engaged, or proposes to engage in unfair
             competition may be enjoined in any court of competent jurisdiction. The
19            court may make such orders or judgments, including the appointment of
             a receiver, as may be necessary to prevent the use or employment by any
20            person of any practice which constitutes unfair competition, as defined in
             this chapter, or as may be necessary to restore to any person in interest any
21            money or property, real or personal, which may have been acquired by
             means of such unfair competition.
22
23   Cal. Bus. & Prof. Code § 17203.

24        44.    By the conduct alleged herein, DEFENDANT has engaged and continues to

     engage in a business practice which violates California law, including but not limited to, Wage
25
     Order 4-2001, the California Code of Regulations and the California Labor Code including
26
     Sections 201, 202, 203, 204, 510, 1194 & 1198, the FLSA, and the Code of Federal Regulations
27
28   for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus.

---

23

1   & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

2   unfair competition, including restitution of wages wrongfully withheld.

3        45.   By the conduct alleged herein, DEFENDANT's practices were unlawful and

4   unfair in that these practices violate public policy, were immoral, unethical, oppressive,

5   unscrupulous or substantially injurious to employees, and were without valid justification or

6   utility for which this Court should issue equitable and injunctive relief pursuant to Section

7   17203 of the California Business & Professions Code, including restitution of wages wrongfully

8   withheld.

9        46.   By the conduct alleged herein, DEFENDANT's practices were deceptive and

10  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

11  other members of the CALIFORNIA CLASS, wages due for overtime hours worked, failed

12  accurately to record the applicable rate of all overtime hours worked, and failed to provide the

13  required amount of overtime compensation due to a systematic miscalculation of the overtime

14  rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare

15  Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this

16  Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

17  including restitution of wages wrongfully withheld.

18       47.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

19  unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF and

20  the other members of the CALIFORNIA CLASS to be underpaid during their employment with

21  DEFENDANT.

22       48.   By and through the unlawful and unfair business practices described herein,

23  DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and

24  the other members of the CALIFORNIA CLASS, including earned wages for all overtime hours

25  worked, and has deprived them of valuable rights and benefits guaranteed by law and contract,

26  all to the detriment of these employees and to the benefit of DEFENDANT so as to allow

27  DEFENDANT to unfairly compete against competitors who comply with the law.

28       49.   All the acts described herein as violations of, among other things, the Industrial

1   Welfare Commission Wage Orders, the California Code of Regulations, the California Labor

2   Code, the FLSA, the Code of Federal Regulations, and the related Opinions of the Department

3   of Labor, were unlawful and in violation of public policy, were immoral, unethical, oppressive

4   and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive

5   business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

6        50.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

7   and do, seek such relief as may be necessary to restore to them the money and property which

8   DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

9   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

10  unfair business practices, including earned but unpaid wages for all hours worked.

11       51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

12  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

13  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

14  engaging in any unlawful and unfair business practices in the future.

15       52.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

16  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

17  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

18  As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and

19  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

20  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

21  engage in these unlawful and unfair business practices.

22

23                        **SECOND CAUSE OF ACTION**

24                    **For Failure To Pay Overtime Compensation**

25                 **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

26        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

27                                   **Defendants)**

28       53.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

                                          25

1  CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs
2  1 through 52 of this Complaint.

3      54.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
4  bring a claim for DEFENDANT's willful and intentional violations of the California Labor
5  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to
6  accurately calculate the applicable rates for all overtime hours worked by PLAINTIFF and other
7  member of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly
8  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime hours
9  worked, including, work performed in excess of eight (8) hours in a workday and forty (40)
10 hours in any workweek.

11     55.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
12 public policy, an employer must timely pay its employees for all hours worked.

13     56.   Cal. Lab. Code § 510 further provides that employees in California shall not be
14 employed more than eight (8) hours per workday and more than forty (40) hours per workweek
15 unless they receive additional compensation beyond their regular wages in amounts specified
16 by law.

17     57.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
18 including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.
19 Code § 1198 further states that the employment of an employee for longer hours than those
20 fixed by the Industrial Welfare Commission is unlawful.

21     58.   DEFENDANT maintained a uniform wage practice of paying the PLAINTIFF
22 and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the
23 correct applicable overtime rate for the number of overtime hours they worked. As set forth
24 herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny
25 timely payment of wages due for the overtime hours worked by the PLAINTIFF and the other
26 members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay
27 these employees the correct applicable overtime wages for all overtime hours worked.

28     59.   DEFENDANT's uniform pattern of unlawful wage and hour practices

1 manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

2 whole, as a result of implementing a uniform policy and practice that denied accurate

3 compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

4 CLASS for all overtime hours worked, including, the work performed in excess of eight (8)

5 hours in a workday and forty (40) hours in any workweek.

6     60.    In committing these violations of the California Labor Code, DEFENDANT

7 inaccurately calculated the applicable overtime rates and consequently underpaid the actual

8 hours worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.

9 DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

10 benefits in violation of the California Labor Code, the Industrial Welfare Commission

11 requirements and other applicable laws and regulations.

12     61.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

13 the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

14 receive full compensation for all overtime hours worked.

15     62.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

16 from the overtime requirements of the law. None of these exemptions are applicable to the

17 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, the

18 PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject

19 to a valid collective bargaining agreement that would preclude the causes of action contained

20 herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the

21 CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,

22 non-waiveable rights provided by the State of California.

23     63.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and

24 the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for hours

25 worked that they were entitled to, constituting a failure to pay all earned wages.

26     64.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members

27 of the CALIFORNIA LABOR SUB-CLASS overtime wages for the hours they worked which

28 were in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,

<div align="center">27</div>

1    1194 & 1198, even though the PLAINTIFF and the other members of the CALIFORNIA

2    LABOR SUB-CLASS were regularly required to work, and did in fact work, overtime hours

3    as to which DEFENDANT failed to accurately record and pay using the applicable overtime

4    rate as evidenced by DEFENDANT's business records and witnessed by employees.

5        65.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

6    compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

7    CLASS for the true number of hours they worked, the PLAINTIFF and the other members of

8    the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

9    economic injury in amounts which are presently unknown to them and which will be ascertained

10    according to proof at trial.

11       66.    DEFENDANT knew or should have known that the PLAINTIFF and the other

12    members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

13    overtime hours worked. DEFENDANT systematically elected, either through intentional

14    malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform

15    company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme

16    by refusing to pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

17    CLASS the applicable overtime rate.

18       67.    In performing the acts and practices herein alleged in violation of California labor

19    laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

20    all hours worked and provide them with the requisite overtime compensation, DEFENDANT

21    acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF

22    and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and

23    utter disregard for their legal rights, or the consequences to them, and with the despicable intent

24    of depriving them of their property and legal rights, and otherwise causing them injury in order

25    to increase company profits at the expense of these employees.

26       68.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

27    therefore request recovery of all unpaid wages, including overtime wages, according to proof,

28    interest, statutory costs, as well as the assessment of any statutory penalties against

1  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

2  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

3  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

4  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

5  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

6  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's

7  conduct as alleged herein was willful, intentional and not in good faith. Further, the

8  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and

9  recover statutory costs.

10  <u>**THIRD CAUSE OF ACTION**</u>

11  **For Failure to Provide Accurate Itemized Statements**

12  **[Cal. Lab. Code § 226]**

13  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14  **Defendants)**

15  69.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

16  CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

17  1 through 68 of this Complaint.

18  70.   Cal. Labor Code § 226 provides that an employer must furnish employees with

19  an "accurate itemized" statement in writing showing:

20  (1) gross wages earned,

21  (2) total hours worked by the employee, except for any employee whose compensation

22  is solely based on a salary and who is exempt from payment of overtime under

23  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

24  Commission,

25  (3) the number of piecerate units earned and any applicable piece rate if the employee

26  is paid on a piece-rate basis,

27  (4) all deductions, provided that all deductions made on written orders of the employee

28  may be aggregated and shown as one item,

1   (5) net wages earned,

2   (6) the inclusive dates of the period for which the employee is paid,

3   (7) the name of the employee and his or her social security number, except that by

4   January 1, 2008, only the last four digits of his or her social security number or an

5   employee identification number other than a social security number may be shown on

6   the itemized statement,

7   (8) the name and address of the legal entity that is the employer, and

8   (9) all applicable hourly rates in effect during the pay period and the corresponding

9   number of hours worked at each hourly rate by the employee.

10   71.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in

11   that DEFENDANT failed to provide an accurate wage statement in writing that properly and

12   accurately itemized the effective overtime rates of pay for overtime hours worked by the

13   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby

14   also failed to set forth the correct overtime wages earned by the employees.

15   72.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

16   Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

17   CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

18   expended calculating the correct rates for the overtime hours worked and the amount of

19   employment taxes which were not properly paid to state and federal tax authorities. These

20   damages are difficult to estimate. Therefore, the PLAINTIFF and the other members of the

21   CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars

22   ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars

23   ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in

24   an amount according to proof at the time of trial (but in no event more than four thousand

25   dollars ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA

26   LABOR SUB-CLASS herein).

27   ///

28   ///

1

**FOURTH CAUSE OF ACTION**

2

For Failure to Pay Wages When Due

3

[ Cal. Lab. Code §§ 201, 202, 203]

4

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

5

**Defendants)**

6   73.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7   CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1

8   through 72 of this Complaint.

9   74.   Cal. Lab. Code § 200 provides, in relevant part, that:

10   As used in this article:
     (a) "Wages" includes all amounts for labor performed by employees
11   of every description, whether the amount is fixed or ascertained by the
     standard of time, task, piece, Commission basis, or other method of
12   calculation.
     (b) "Labor" includes labor, work, or service whether rendered or
13   performed under contract, subcontract, partnership, station plan, or
     other agreement if the labor to be paid for is performed personally by
14   the person demanding payment.

15   75.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges

16   an employee, the wages earned and unpaid at the time of discharge are due and payable

17   immediately."

18   76.   Cal. Lab. Code § 202 provides, in relevant part, that:

19   If an employee not having a written contract for a definite period quits
     his or her employment, his or her wages shall become due and
20   payable not later than 72 hours thereafter, unless the employee has
     given 72 hours previous notice of his or her intention to quit, in which
21   case the employee is entitled to his or her wages at the time of
     quitting. Notwithstanding any other provision of law, an employee
22   who quits without providing a 72-hour notice shall be entitled to
     receive payment by mail if he or she so requests and designates a
23   mailing address. The date of the mailing shall constitute the date of
     payment for purposes of the requirement to provide payment within
24   72 hours of the notice of quitting.

25   77.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

26   CLASS Members' employment contract.

27   78.   Cal. Lab. Code § 203 provides, in relevant part, that:

28   If an employer willfully fails to pay, without abatement or reduction,

31

CLASS ACTION COMPLAINT

1      in accordance with Sections 201, 201.5, 202, and 205.5, any wages of
2      an employee who is discharged or who quits, the wages of the
       employee shall continue as a penalty from the due date thereof at the
3      same rate until paid or until an action therefor is commenced; but the
       wages shall not continue for more than 30 days.

4      79.    The employment of many CALIFORNIA LABOR SUB-CLASS Members

5   terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

6      80.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

7   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

8   PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of

9   termination for all employees who terminated employment during the CALIFORNIA LABOR

10  SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest

11  and statutory costs as allowed by law.

12

13                        **FIFTH CAUSE OF ACTION**

14        **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")**

15      **(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

16     81.    PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

17  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80 of this

18  Complaint.

19     82.    DEFENDANT is engaged in communication, business, and transmission between

20  the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

21     83.    The PLAINTIFF further brings the Fifth Cause of Action on behalf of a

22  COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or

23  were previously employed by DEFENDANT in the United States as non-exempt employees and

24  who received bonus payments during the same pay period in which they were paid overtime

25  compensation (the "COLLECTIVE CLASS") at any time during the period three (3) years prior

26  to the filing of the Complaint and ending on the date as determined by the Court (the

27  "COLLECTIVE CLASS PERIOD").

28     84.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

32

1 | violations of the FLSA.

2 | 85.    29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

86.    For purposes of calculating overtime pay, 29 U.S.C. § 207(e) provides, in relevant part, that the "regular rate" of pay shall not include:

> (1) sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency;
> (2) payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment;
> (3) Sums paid in recognition of services performed during a given period if either, (a) both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly; or (b) the payments are made pursuant to a bona fide profit-sharing plan or trust or bona fide thrift or savings plan, meeting the requirements of the Administrator set forth in appropriate regulations which he shall issue, having due regard among other relevant factors, to the extent to which the amounts paid to the employee are determined without regard to hours of work, production, or efficiency; or (c) the payments are talent fees (as such talent fees are defined and delimited by regulations of the Administrator) paid to performers, including announcers, on radio and television programs;

87.    The bonus compensation awarded to the PLAINTIFF and other members of the COLLECTIVE CLASS was not a gift given as a reward for the PLAINTIFF's and COLLECTIVE CLASS Members' service to DEFENDANT that was not measured on their production, was not a payment made to PLAINTIFF and other members of the COLLECTIVE CLASS during a period in which these employees performed no work, and

CLASS ACTION COMPLAINT

1    was not a sum paid to the PLAINTIFF and other members of the COLLECTIVE CLASS at

2    the sole discretion of DEFENDANT as to the timing of the payment and as to the amount to

3    which the payment totaled. Instead, the bonus compensation awarded to PLAINTIFF and

4    other members of the COLLECTIVE CLASS was a non-discretionary wage that was

5    directly proportional to the work performed by these employees for DEFENDANT and was

6    announced to the PLAINTIFF and COLLECTIVE CLASS Members to encourage these

7    employees to work more efficiently and was awarded based on these employees' production

8    during the applicable bonus pay period. As a result, the bonus wage awarded to

9    PLAINTIFF and other members of the COLLECTIVE CLASS must be included in the

10   regular rate of pay for the purposes of calculating the correct overtime rate due to the

11   PLAINTIFF and other members of the COLLECTIVE CLASS.

12       88.   DEFENDANT failed and still fails to include the bonus compensation as part

13   of the PLAINTIFF's and other COLLECTIVE CLASS Members' "regular rate of pay" for

14   the purposes of calculating overtime pay due to these employees. For the reasons set forth

15   herein, the bonus compensation received by the PLAINTIFF and members of the

16   COLLECTIVE CLASS should be included in their "regular rate of pay." The failure to do

17   so resulted in a systematic and illegal underpayment of overtime compensation to

18   PLAINTIFF and other members of the COLLECTIVE CLASS.

19       89.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the

20   PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime

21   compensation for all overtime hours actually worked, at a rate not less than one and one-half

22   times their regular rate of pay for all hours worked in excess of forty (40) hours in any

23   workweek. DEFENDANTS' failure to correctly calculate overtime wages as required by

24   federal law was willful and not in good faith.

25       90.   During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

26   members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

27       91.   At all relevant times, DEFENDANT failed to include the bonus compensation

28

1   in the regular rate of pay for the PLAINTIFF and the COLLECTIVE CLASS resulting in an

2   illegal underpayment of overtime compensation during the COLLECTIVE CLASS

3   PERIOD. Thus, DEFENDANT failed to pay the PLAINTIFF, and other members of the

4   COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of

5   the maximum hours permissible by law as required by § 207 of the FLSA, even though the

6   PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required

7   to work, and did in fact work, overtime hours.

8       92.   For purposes of the Fair Labor Standards Act, the employment practices of

9   DEFENDANT were and are uniform throughout the United States in all respects material to

10  the claims asserted in this Complaint.

11      93.   As a result of DEFENDANT's failure to pay the correct overtime

12  compensation at the applicable overtime rate for overtime hours worked, as required by the

13  FLSA, the PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an

14  amount to be proved at trial.

15      94.   Therefore, the PLAINTIFF demands that he and the members of the

16  COLLECTIVE CLASS be paid the correct overtime compensation as required by the FLSA

17  for every hour of overtime worked in any workweek for which the bonus wage was

18  awarded, plus interest and statutory costs as provided by law.

19

20                              **PRAYER FOR RELIEF**

21      WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

22  severally, as follows:

23  1.   On behalf of the CALIFORNIA CLASS:

24      A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA

25           CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

26      B)   An order temporarily, preliminarily and permanently enjoining and restraining

27           DEFENDANT from engaging in similar unlawful conduct as set forth herein;

28      C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly

                                        35

1 | | | withheld from compensation due to PLAINTIFF and the other members of the

2 | | | CALIFORNIA CLASS; and,

3 | | D) | Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

4 | | | fund for restitution of the sums incidental to DEFENDANT's violations due to

5 | | | PLAINTIFF and to the other members of the CALIFORNIA CLASS.

6 | 2. | On behalf of the CALIFORNIA LABOR SUB-CLASS:

7 | | A) | That the Court certify the Second, Third, and Fourth Causes of Action asserted

8 | | | by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal.

9 | | | Code of Civ. Proc. § 382;

10 | | B) | Compensatory damages, according to proof at trial, including compensatory

11 | | | damages for compensation due PLAINTIFF and the other members of the

12 | | | CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

13 | | | LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

14 | | C) | The wages of all terminated employees in the CALIFORNIA LABOR

15 | | | SUB-CLASS as a penalty from the due date thereof at the same rate until paid

16 | | | or until an action therefore is commenced, in accordance with Cal. Lab. Code

17 | | | § 203; and,

18 | | D) | The greater of all actual damages or fifty dollars ($50) for the initial pay

19 | | | period in which a violation occurs and one hundred dollars ($100) per each

20 | | | member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

21 | | | subsequent pay period, not exceeding an aggregate penalty of four thousand

22 | | | dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

23 | 3. | On behalf of the COLLECTIVE CLASS:

24 | | A) | That the Court certify the Fifth Cause of Action asserted by the

25 | | | COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

26 | | B) | Issue a declaratory finding that DEFENDANT's acts, policies, practices and

27 | | | procedures complained of herein violated provisions of the Fair Labor

28 | | | Standards Act; and,

CLASS ACTION COMPLAINT

C)     That the PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4.     On all claims:

A)     An award of interest, including prejudgment interest at the legal rate;

B)     Such other and further relief as the Court deems just and equitable; and,

C)     An award of penalties and cost of suit, as allowable under the law. Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5.

Dated:   August 1, 2012         BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   August 1, 2012                    BLUMENTHAL, NORDREHAUG & BHOWMIK

                                           By:
                                                Norman B. Blumenthal
                                                Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Wellpoint - Talamantez\P-Complaint-FINAL.wpd

CLASS ACTION COMPLAINT

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223   FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiff Josue Talamantez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 03 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
Gina Zinder

CASE NAME:
TALAMANTEZ v. THE WELLPOINT COMPANIES

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC 489001** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* FIVE (5)

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 1, 2012

Norman B. Blumenthal
_____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TALAMANTEZ v. THE WELLPOINT COMPANIES | BC489001 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [X] YES   CLASS ACTION?  [X] YES   LIMITED CASE?  [ ] YES   TIME ESTIMATED FOR TRIAL  7  [ ] HOURS/ [X] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0

Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TALAMANTEZ v. THE WELLPOINT COMPANIES | |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | (1.) 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | ~~Eminent Domain/Inverse Condemnation (14)~~ | ~~☐ A7300 Eminent Domain/Condemnation Number of parcels____~~ | ~~2.~~ |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TALAMANTEZ v. THE WELLPOINT COMPANIES | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

*LexisNexis® Automated California County Forms*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| TALAMANTEZ v. THE WELLPOINT COMPANIES | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br><br>Class action brought against company doing business in Los Angeles County |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>91367 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Staley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___8 | 1 | 12___

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*LexisNexis® Automated California County Forms*

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 4 of 4 |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____ **BC 4 8 9 0 0 1** _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the **Random Select** Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,*
*but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)          **INFORMATION ABOUT**
LASC Approved 07-04          **ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 10-04<br>
LASC Approved<br>
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221<br>
Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):    FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:
_____          >   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):       FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR DEFENDANT)

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR DEFENDANT)

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR DEFENDANT)

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

Date: _____

&gt; _____

          (TYPE OR PRINT NAME)             (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
                           JUDICIAL OFFICER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | | DEPT. 322 |
|---|---|---|---|---|
| DATE: 08/24/12 | | | | |
| HONORABLE KENNETH R. FREEMAN | JUDGE | E. SABALBURO | | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| #3 | | | | |
| T. PENNISON C.J.A. | Deputy Sheriff | NONE | | Reporter |

| | | | |
|---|---|---|---|
| 4:00 pm | BC489001 | | Plaintiff Counsel |
| | JOSUE TALAMANTEZ VS THE WELLPOINT COMPANIES INC | | Defendant Counsel |
| | | NO APPEARANCES | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be
Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except for
service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference.  Initial Status Conference is set for
October 10, 2012, at 2:00 p.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the
issues set forth in the Initial Status Conference
Order issued this date. The Initial Status
Conference Order is to help the Court and the
parties manage this complex case by developing an
orderly schedule for briefing, discovery, and court
hearings. The parties are informally encouraged to
exchange documents and information as may be useful
for case evaluation. The Court requests that parties
file original and one courtesy copy of the Joint
Initial Status Conference Class Action Response
Statement in Department 322.

Responsive pleadings shall not be filed until
further Order of the Court. Parties must file a
Notice of Appearance in lieu of an Answer or other

| MINUTES ENTERED |
|---|
| 08/24/12 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 08/24/12 | DEPT. 322 |
| HONORABLE KENNETH R. FREEMAN          JUDGE | E. SABALBURO          DEPUTY CLERK |
| HONORABLE #3                          JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| T. TENNYSON, C.A.     Deputy Sheriff | NONE                    Reporter |

| | | | |
|---|---|---|---|
| 4:00 pm | BC489001 | | Plaintiff |
| | | | Counsel |
| | JOSUE TALAMANTEZ | | |
| | VS | | Defendant |
| | THE WELLPOINT COMPANIES INC | | Counsel |

<div align="center">NO APPEARANCES</div>

**NATURE OF PROCEEDINGS:**

responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any
substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for
filing an Affidavit of Prejudice pursuant to Code of
Civil Procedure Section 170.6.

According to Government Code Sections 70616(a) and
70616(b), each party shall pay a fee of $1,000.00 to
the Los Angeles Superior Court within 10 calendar
days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

<div align="center">CLERK'S CERTIFICATE OF MAILING</div>

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served this Minute Order and the Court's Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

<div align="center">Page    2 of    3    DEPT. 322</div>

MINUTES ENTERED
08/24/12
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/24/12                                  DEPT. 322

HONORABLE KENNETH R. FREEMAN     JUDGE    E. SABALBURO        DEPUTY CLERK

HONORABLE                 JUDGE PRO TEM             ELECTRONIC RECORDING MONITOR
#3

     T. TENNYSON, C.A.     Deputy Sheriff   NONE                 Reporter

4:00 pm   BC489001                      Plaintiff
                                      Counsel

       JOSUE TALAMANTEZ
       VS                             Defendant
       THE WELLPOINT COMPANIES INC      Counsel

                                 NO APPEARANCES

**NATURE OF PROCEEDINGS:**

Dated: August 24, 2012

John A. Clarke, Executive Officer/Clerk

By: _____
          E. Sabalburo

Norman B. Blumenthal
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037

Page   3 of   3     DEPT. 322

MINUTES ENTERED
08/24/12
COUNTY CLERK

# EXHIBIT C

**ORIGINAL FILED**

AUG 24 2012

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSUE TALAMANTEZ,<br><br>Plaintiff,<br><br>vs.<br><br>THE WELLPOINT COMPANIES, INC., et al.<br><br>Defendants. | Case No.: BC489001<br><br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge Kenneth R. Freeman<br><br>Department: 322<br>Date:      October 10, 2012<br>Time:     2:00 PM |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for October 10, 2012 at 2:00 PM. in Department 322 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.

---

INITIAL STATUS CONFERENCE ORDER

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

INITIAL STATUS CONFERENCE ORDER

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

■  Motion to Compel Arbitration,

■  Early motions in limine,

■  Early motions about particular jury instructions and verdict forms,

■  Demurrers,

■  Motions to strike,

■  Motions for judgment on the pleadings, and

■  Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can

---

[1]See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER

the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

   **12.  INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

   **13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

   **14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

   **15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

- ■ Case Anywhere (www.caseanywhere.com),

---

[2] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER

1   ■ CaseHomePage (www.casehomepage.com), or

2   ■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

3   Please agree on one and submit the parties' choice when filing the Joint Initial Status

4   Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

5   parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

6   service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

7   of original papers or by fax filing are presently acceptable.

8   **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

9   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

10   court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the

11   facts on which the party relies. The declaration must clearly state whether consideration, direct or

12   indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

13   parties have settled the class action, that too will require judicial approval based on a noticed

14   motion (although it may be possible to shorten time by consent for good cause shown).

15   Pending further order of this Court, and except as otherwise provided in this Initial Status

16   Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the

17   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

18   Court; however, any defendant may file a Notice of Appearance for purposes of identification of

19   counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

20   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

21   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

22   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

23

24

25

26

27   [3] California Rule of Court, Rule 3.770(a)

28

-5-

INITIAL STATUS CONFERENCE ORDER

1  parties in managing this "complex" case through the development of an orderly schedule for

2  briefing and hearings on procedural and substantive challenges to the complaint and other issues

3  that may assist in the orderly management of these cases.  This stay shall not preclude the parties

4  from informally exchanging documents that may assist in their initial evaluation of the issues

5  presented in this case, however shall stay all outstanding discovery requests.

6      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

7  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

8  service of this order. If any defendant has not been served in this action, service is to be completed

9

10  within twenty (20) days of the date of this order.

11      Dated: August 24, 2012

12

13                          KENNETH R. FREEMAN

14                          Judge Kenneth R. Freeman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

**PROOF OF SERVICE**

STATE OF CALIFORNIA         )
                            )   ss
COUNTY OF LOS ANGELES       )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On September 18, 2012, I served the within documents: **NOTICE OF REMOVAL**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐     by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Blumenthal, Nordrehaug & Bhowmik
Norman B. Blumentahl
2255 Calle Clara
La Jolla, CA 92037
Tel: (858) 551-1223
Fax: (858) 551-1232

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

     Executed on September 18, 2012, at Los Angeles, California.

_____
Jodi Snyder

14849152v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 8058 RGK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> JOSUE TALAMANTEZ, an individual, on behalf of himself and on behalf of all persons similarly situated, | **DEFENDANTS** <br> THE WELLPOINT COMPANIES, INC., a Indiana Corporation; and Does 1 through 50, Inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Blumenthal, Nordrehaug & Bhowmik <br> Norman B. Blumenthal (SBN 068687) <br> 2255 Calle Clara <br> La Jolla, CA 92037 <br> Telephone: (858) 551-1223 | Attorneys (If Known) <br> Seyfarth Shaw LLP <br> David Kadue (SBN 113578) <br> Colleen M. Regan (SBN 120284) <br> 2029 Century Park East, Suite 3500 <br> Los Angeles, CA  90067 <br> Telephone: (310) 277-7200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1331 (FEDERAL QUESTION) 28 U.S.C. §1332 (DIVERSITY)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-08058

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. <br> www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | INDIANA |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _David W. Kadue_  Date  September 18, 2012

David W. Kadue

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )
                                       )    ss
3

COUNTY OF LOS ANGELES                  )

4

5          I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On September 18, 2012, I served the within documents: **CIVIL COVER SHEET**

6

7

8    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

9

10   ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

11

12   ☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

13

14   ☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

15          Blumenthal, Nordrehaug & Bhowmik
            Norman B. Blumentahl
16          2255 Calle Clara
            La Jolla, CA 92037
17          Tel: (858) 551-1223
            Fax: (858) 551-1232
18

19          I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

20

21

22          I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

23

24          Executed on September 18, 2012, at Los Angeles, California.

25

26                                                    _____
                                                      Jodi Snyder
27

28

14849152v.1