JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-8058-RGK (JCx)** | Date | January 25, 2013 |
|---|---|---|---|
| Title | ***Talamantez v. The Wellpoint Companies et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendant's Motion to Compel Arbitration (DE 18) and Motion for Partial Summary Judgment (DE 16), and Plaintiff's Motion for Class Certification (DE 20)**

## I.     INTRODUCTION

On August 3, 2012, Josue Talamantez ("Plaintiff") filed a Complaint individually and on behalf of all others similarly situated, against his former employer The Wellpoint Companies, Inc. ("Defendant") in Los Angeles Superior Court. On September 18, 2012, Defendant removed the action to this Court. On December 11, 2012, Plaintiff filed a First Amended Complaint ("FAC") asserting claims for (1) unfair competition (Cal. Bus. & Prof. Code §§ 17200, *et seq*), (2) failure to pay overtime wages (Cal. Labor Code §§ 510, *et seq*), (3) failure to provide itemized wage statements (Cal. Labor Code § 226), (4) failure to provide wages timely (Cal. Labor Code §§ 201, 202, and 203), (5) failure to pay overtime compensation (29 U.S.C. §§ 201, *et seq*), and (6) a claim pursuant to the Private Attorney General Act ("PAGA") (Labor Code § 2698, *et seq*).

Presently before the Court is Defendant's Motion to Compel Arbitration. Defendant also filed a Motion for Partial Summary Judgment (DE 16), and Plaintiff subsequently filed a Motion for Class Certification (DE 20). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Compel Arbitration. All further matters in this action shall be decided by the Arbitrator. Accordingly, the Court also **VACATES as moot** Plaintiff's Motion for Class Certification and Defendant's Motion for Partial Summary Judgment.

## II.     FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Defendant is one of the nation's largest health benefits companies. Defendant employed Plaintiff from 2003 through 2012. During this period, Defendant failed to include certain types of bonus

---

compensation as part of the employees' regular pay rate to avoid paying its employees the correct overtime compensation.[1] By so doing, Defendant engaged in unfair competition and violated various federal and state labor codes.

As a condition of employment, Defendant requires all employees to review and affirm Defendant's Arbitration Policy (the "Arbitration Policy" or "Policy") regarding employment disputes. During his employment, Plaintiff affirmed this Policy in writing on four separate occasions. (Def.'s Mot. to Compel Arbitration 3.) The Arbitration Policy applies to various types of disputes. In relevant part, the Policy states:

> By entering into the employment relationship, the company and its associates . . . consent to the resolution by binding arbitration of all claims arising out of or related to the termination of that relationship... [including] claims for *wages or compensation* due . . . and claims for violation of any federal, state, or other governmental law, regulation, or ordinance . . . .

(Def.'s Mot. To Compel Arbitration 3-4) (emphasis added).

The Arbitration Policy also contains a delegation provision (the "Delegation Provision" or "Provision") which delegates to the Arbitrator the authority to decide threshold issues. The Provision states:

> The Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this policy, including but not limited to any claim that all or any part of this policy is void or voidable . . . .

(*Id.* at 4.) At issue in the present Motion is the interpretation and enforceability of the Arbitration Policy.

## III.     JUDICIAL STANDARD

The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts involving interstate commerce. 9 U.S.C. §§ 1, 2. Under the FAA, a party may petition a federal district court to compel arbitration and stay the proceedings pending resolution of arbitration. §§ 3, 4.

The FAA provides that an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." § 2. The FAA codifies a liberal federal policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). However, arbitration agreements are still subject to ordinary state-law principles that govern the formation of contracts and applicable contract defenses such as fraud, duress, and unconscionability. *Doctor's Assocs., Inc. v. Casarotta*, 517 U.S. 681, 686-87 (1996). Lastly, if the court finds the agreement to be enforceable, it must also determine "whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000).

Once an arbitration agreement is found to be valid, enforceable, and applicable, the Court shall stay the trial of the action pending the outcome of the arbitration. 9 U.S.C. § 3.

## IV.     DISCUSSION

---

[1] State law defines overtime compensation as one and one-half times the regular rate of pay. By not including certain compensation in the regular rate of pay, an employer can subsequently pay an employee less in overtime compensation.

In this case, both parties agree a valid arbitration agreement exists. However, the parties differ as to whether the Court or the Arbitrator has the authority to interpret the scope and enforceability of the Arbitration Policy. Further, they differ as to whether Plaintiff's claims fall within the scope of the Policy and whether it is unconscionable. Defendant contends that because the Policy contains a Delegation Provision, these threshold issues of enforceability and interpretation must be determined by the Arbitrator, not the Court. The Court agrees.

Under FAA § 2, an arbitration agreement is "valid, irrevocable, and enforceable save upon grounds as exist at law or in equity for the revocation of any contract." A delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement, and is enforceable under FAA § 2. *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010). For a delegation provision to be valid, there must be "clear and unmistakable evidence" that the parties agreed to arbitrate the threshold issues. *Id.* at 2778, n.1. The Court must uphold a valid delegation provision unless the party explicitly challenges the enforceability of the provision. *Id.* at 2779.

The Court finds that the Policy's Delegation Provision is valid and it should be enforced.

### A.    Clear and Unmistakable Language of the Delegation Provision

Here, the Delegation Provision states: "The Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this policy, including but not limited to any claim that all or any part of this policy is void or voidable. . . ." (Def.'s Mot. To Compel Arbitration 3-4). This language explicitly states that the Arbitrator should decide threshold issues regarding enforceability and validity of the Policy. *Rent-A-Center*, 130 S. Ct. at 2777 (finding clear and unmistakable language where the arbitrator was given "exclusive authority" over gateway issues of arbitrability). Thus, the Court finds that the Delegation Provision contains "clear and unmistakable evidence" of the parties' intent to allow the Arbitrator to decide such issues and thus, the Provision is valid.

### B.    Challenge to the Agreement as a Whole

Courts must enforce a valid delegation provision unless an opposing party challenges the validity of the specific provision. An agreement to arbitrate threshold issues "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce." *Id.* at 2778. "The FAA operates on additional agreements to arbitrate just as it does any other agreement" between the parties, meaning a delegation provision is subject to state contract law, but is also severable from the arbitration policy as a whole. *Id.* If the party opposing arbitration does not challenge the validity of the specific delegation provision, the court must assume that both sides properly agreed to arbitrate the threshold issues. *Id.* at 2779 (finding that unless the delegation provision is challenged, courts "must treat it [the delegation provision] as valid" and enforceable under the FAA). Any challenge to an arbitration agreement as a whole, without specific mention of the arbitrator's ability to decide threshold issues, is inadequate to challenge to the delegation provision and thus, the provision will be deemed enforceable. *See id.* at 2778-79.

In the Opposition, Plaintiff fails to respond or rebut in any way to the arguments concerning the Delegation Provision. He does not challenge the Arbitrator's ability to decide threshold issues. Plaintiff merely challenges the Policy as a whole as being unconscionable, which is an insufficient challenge to the validity of the Delegation Provision. *Id.*; *Garcia v. Dell, Inc.*, – F. Supp. 2d –, 12-CV-0940 BEN NLS, 2012 WL 5928132, at *4 (S.D. Cal. Nov. 13, 2012). As such, the Court presumes that the parties agreed to arbitrate the threshold issues and finds the Provision to be valid. Accordingly, the Court must enforce the Delegation Provision and leave threshold issues regarding the Arbitration Policy for the Arbitrator.

**V.       CONCLUSION**

      Based on the foregoing, the Court **GRANTS** Defendant's Motion to Compel Arbitration. All further matters related to this case shall be decided by the Arbitrator. Accordingly, the Court also **VACATES as moot** Plaintiff's Class Certification and Defendant's Motion for Partial Summary Judgment.

      **IT IS SO ORDERED.**

_____ : _____

                                        Initials of Preparer          _____